IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONITRONICS FUNDING LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3-08-CV-333 |
| | § | |
| SECURITY FIRST OF ALABAMA, LLC | § | |
| and RAUL L. BAGUER II, individually, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's Motion for Default Judgment Against Security First of Alabama, LLC and Raul L. Baguer II [Docket Entry #43], Motion for Sanctions and Request for Reconsideration of the Court's July 16 Order [Docket Entry #41] and Motions for Contempt and for Order to Show Cause [Docket Entries #8 and #34]. The Court **GRANTS** the Plaintiff's Motion for Default Judgment with regard to liability, **GRANTS** the Motions for Sanctions to award costs and attorneys fees associated with Defendant Baguer's deposition of July 8, 2008, and otherwise **DENIES** the Motions. Plaintiff will appear at a hearing on **October 24, 2008** at **9:00 AM** to prove damages and any other remedies sought from Defendants.

*Default Judgment*

Under Federal Rule of Civil Procedure 55(a), a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules."[1] Here, the Court denied Defendants' Motion to Dismiss on June 24, 2008, giving Baguer until July 7, 2008 to file an answer. Security First was given until July 21, 2008 to file an answer. Neither Defendant has answered. On August 8, 2008, the Clerk of Court entered a default against Security First and Baguer.

---

[1] *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

The Court finds that Defendants Raul Baguer and Security First are in default. By virtue of their default, Defendants admit all allegations of fact in Plaintiff Monitronics' First Amended Complaint, and are liable to Plaintiff for breach of contract and fraud, including all actual, direct, indirect, consequential, and punitive damages proven, as well as for costs, attorney fees and interest as allowed by law. All remedies will be determined upon the hearing on October 24, 2008, and a final judgment will then be entered against Defendants.

*Sanctions and Other Relief*

The Court will not reconsider its Order of July 16, 2008. The Court has also considered Plaintiff's Motions for Contempt and for Order to Show Cause and denies the motions. However, the Court will grant sanctions against Defendant Baguer in the amount of Plaintiff's costs and attorneys fees associated with Baguer's non-appearance at his deposition set for July 8, 2008. Plaintiff has proven by affidavit reasonable and necessary attorney fees of **$8,127.50** and costs of **$1,991.92**, and they are hereby awarded to Plaintiff as sanctions against Baguer.

**SO ORDERED.**

September 23, 2008.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS